UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

      Plaintiff,

Case No. 1:23-cv-904

Hon. Paul L. Maloney

v.

CHRISTIAN BROTHERS AUTOMOTIVE,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed a motion to appeal *in forma pauperis* (ECF No. 39) and a combined motion to appeal *in forma pauperis* and to recuse United States District Judge Paul L. Maloney (ECF No. 40). This matter is now before the Court on plaintiff's motions to appeal *in forma pauperis* (ECF Nos. 39 and 40).[1]

    **I.**    **Discussion**

Plaintiff filed two related lawsuits regarding his claim against defendant. The Court dismissed the first lawsuit on August 22, 2022, for lack of subject matter jurisdiction. *See Sifuentes v. Christian Brothers Automotive*, No. 1:21-cv-740, 2022 WL 3586233 (W.D. Mich. Aug. 22, 2022), *affirmed* No. 22-1832, 2023 WL 5015487 (6th Cir. June 22, 2023), and *affirmed*, No. 22-1832, 2023 WL 5015487 (6th Cir. June 22, 2023).

---

[1] This Report does not address plaintiff's motion to recuse United States District Judge Maloney.

1

Plaintiff filed the present lawsuit, *Sifuentes v. Christian Brothers Automotive*, No. 1:23-cv-904 (W.D. Mich.) on August 28, 2023.  The Court dismissed this lawsuit on March 31, 2025, on the basis of issue preclusion stating in pertinent part:

> In the first lawsuit, Plaintiff had multiple opportunities to allege and amend a MMWA [Magnuson-Moss Warranty Act] claim. Despite these multiple opportunities, the district court and the Sixth Circuit held that Plaintiff did not meet the amount in controversy requirement. Allowing Plaintiff another attempt to cure his deficiencies now and permit him to file a new lawsuit is in direct conflict to the purposes of the res judicata doctrines. *See Montana*, 440 U.S. at 153-154 (the doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.").

Opinion and Order (ECF No. 34, PageID.201).  In addition,

> [E]ven if issue preclusion does not apply to this case, the Court notes that Plaintiff's conclusory assertions regarding the damages amount unconnected to any factual allegations appear to be rote assertions not made in good faith. Beyond that, the complaint is devoid of any factual allegations beyond a bare allegation of a minor auto repair dispute. *See, e.g., Turman v. Equifax, Inc.*, 2020 WL 1493859 at *3 (N.D. Ohio, Mar. 27, 2020) ("the mere averment of the amount claimed to be in controversy is not enough to confer jurisdiction"). This conduct appears to be common practice by this Plaintiff in this district. *See Sifuentes v. Dave, Inc.*, 1:23-cv-984, ECF No. 18 at PageID.78-80 (W.D. Mich.).

*Id*.  For these reasons, the Court granted defendant's motion to dismiss and found that an appeal of the Court's order such would be frivolous pursuant to *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  *Id*.

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith.  As discussed, the Court dismissed this lawsuit on the basis of issue preclusion and found that an appeal would be frivolous.  For the reasons stated in the Court's opinion, the undersigned concludes that an appeal of the order of dismissal would be frivolous and not taken in good faith. *See Coppedge*,

369 U.S. at 445.  Based on this record, the Court should certify pursuant to 28 U.S.C. §1915(a)(3) that any appeal of this matter would not be taken in good faith and that plaintiff may not proceed on appeal *in forma pauperis*.

## II.    RECOMMENDATION

Accordingly, I respectfully recommend that this Court certify that plaintiff's appeal is not taken in good faith and that his motions to appeal *in forma pauperis* (ECF Nos. 39 and 40) be **DENIED**.

Dated: October 24, 2025                                                 Ray Kent
                                                                                    RAY KENT
                                                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).