UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ANGEL SIFUENTES, III, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CHRISTIAN BROTHERS AUTOMOTIVE, )<br>    Defendant. )<br>                                        ) | No. 1:23-cv-904<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Kent's Report and Recommendation (R&R). (ECF No. 42). In the R&R, Magistrate Judge Kent recommended that Plaintiff's motions for leave to appeal in forma pauperis, (ECF Nos. 39, 40), be denied. Plaintiff filed objections. (ECF No. 45). Plaintiff did not object to any of the substance of the R&R and instead raised a meritless argument about magistrate judge jurisdiction he "has repeatedly raised, and lost on" here and in other courts. *Sifuentes v. Twitter Inc.*, No. 1:23-cv-981, 2025 WL 294259, at *5 (W.D. Mich. Jan. 21, 2025); *see, e.g.*, *Sifuentes v. Midland Cnty. 42nd Cir. Ct.*, 1:20-cv-11745, 2024 WL 5166637, at *2 (E.D. Mich. Nov. 25, 2024). The objection is overruled and the R&R will be adopted in full.

### I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

## II.

This is the third time that the Court must reject the same argument in this case alone.[1] As explained in an earlier order, (ECF No. 44), the Court denied Plaintiff's motion to vacate the Court's prior judgment, (ECF No. 37). The basis for that motion was that Plaintiff was not "given the option to consent to the jurisdiction of the magistrate judge." (*Id.*; *see* ECF No. 36). This option only needs to be given to parties when a magistrate judge would conduct all proceedings of a case under 28 U.S.C. § 636(c); the obligation to provide notice arises only "[i]f a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection." *See also* Fed. R. Civ. P. 73 (providing that notice be given "[w]hen a magistrate judge has been designated to conduct civil actions or proceedings" under the rule

---

[1] To illustrate the degree to which nothing has changed about Plaintiff's argument, Plaintiff still relies on "*Bolin v. Story*, 225 F.3d 1234, 1239 (6th Cir. 2000)," (ECF No. 45 at PageID.242), a nonexistent case the Court already warned Plaintiff did not exist, (ECF No. 37 at PageID.212-13).

implementing the consent jurisdiction rules of § 636(c)). The rules regarding mandatory notice in consent proceedings, where the magistrate judge would do everything, are irrelevant when the magistrate judge acts under the separate authority conferred in § 636(b). That section of the statute provides that district judges may refer pretrial matters to magistrate judges, and that parties may effectively appeal the magistrate judge's resolutions of those matters to the district judge. Section 636(b) does not require the parties' consent, nor does it provide for any mechanism of offering or obtaining their consent. *See also* Fed. R. Civ. P. 72 (containing no rule related to offering or obtaining parties' consent). This Court's local rules, similarly, distinguish between cases where the consent of the parties is required under § 636(c), W.D. Mich. LCivR 73, and cases where the consent of the parties is not required, W.D. Mich. LCivR 72.

The Court thus never needed consent from Plaintiff for the Magistrate Judge to do what he did in this case with regard to the R&R or anything else. Plaintiff was never entitled to receive a consent form because the Magistrate Judge was not designated under § 636(c). The sole basis for Plaintiff's objections was his non-receipt of a consent form he was never entitled to receive, and Plaintiff cites no authority implying that a consent form must be given in every case, including those where it is not relevant. The objection is overruled.

The R&R (ECF No. 42) was properly issued and is **ADOPTED IN FULL**. Plaintiff's motions for leave to appeal in forma pauperis (ECF Nos. 39, 40) are **DENIED**.

**IT IS SO ORDERED.**

Date:  November 6, 2025              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge